## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BEAUREGARD QUARTERS, LLC**       **CIVIL ACTION**

**VERSUS**

     **NO. 20-575-SDD-RLB**

**ACTION CONCRETE CONSTRUCTION, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2020.

         **RICHARD L. BOURGEOIS, JR.**
         **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BEAUREGARD QUARTERS, LLC**                                **CIVIL ACTION**

**VERSUS**

                                                                                     **NO. 20-575-SDD-RLB**

**ACTION CONCRETE
CONSTRUCTION, INC.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand to State Court. (R. Doc. 8). The motion is opposed. (R. Doc. 10). Plaintiff filed a Reply. (R. Doc. 18). Defendant filed a Sur-Reply. (R. Doc. 19).

**I.    Background**

On or about July 27, 2020, Beauregard Quarters, L.L.C. ("Beauregard" or "Plaintiff") filed this case in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendant Action Concrete Construction, Inc. ("Action" or "Defendant"). (R. Doc. 1-3 at 4-9, "Petition").

Beauregard is the owner of a four-story apartment complex named "Elias" that was completed in 2018 (the "Project"). (Petition ¶ 3). Beauregard entered into a Construction Management Agreement with GSD Development Company, LLC ("GSD"), in which GSD agreed to be Beauregard's agent/mandatory and Construction Manager on the Project. (Petition ¶ 4). Beauregard alleges that pursuant to the Construction Management Agreement, (1) GSD entered into a Subcontract Agreement with Action for certain framing work in exchange for the payment of $147,864.50, (2) Beauregard made $124,468.38 in payments to Action, and (3) Action breached the Subcontract Agreement by abandoning the Project without cause,

1

performing the work with a voluminous list of construction defects, and otherwise increasing costs to Beauregard. (Petition ¶¶ 8-10). GSD issued a Notice of Default to Action on June 8, 2017 detailing the alleged deficiencies. (Petition ¶ 15; *see* R. Doc. 1-4).

Beauregard seeks recovery as a third-party beneficiary of the Subcontract Agreement. (Petition ¶ 17). Beauregard alleges that in light of Action's abandonment of the contract, it incurred damages when it was forced to hire certain other subcontractors to complete the work and also incurred three months of delay damages, which Beauregard seeks to recover under Louisiana Civil Code article 1994[1] and Louisiana Civil Code article 2769.[2] (Petition ¶ 12-13). Beauregard also alleges that it was forced to repair multiple construction defects caused by Action and that "it is entitled to all damages that flow from [Action's] breach of the [Subcontract] Agreement, pursuant to Louisiana Civil Code article 1994." (Petition ¶¶ 14, 17).

On September 2, 2020, Action removed the case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In the Notice of Removal, Action asserts that the amount in controversy requirement is satisfied because GSD brought an earlier action in which it sought to recover breach damages from Action and its insurer in the amount of $145,331.41, and Beauregard now seeks to claim "all damages" that flow from that alleged breach of contract. (R. Doc. 1 at 2-3; *see* R. Doc. 1-4).[3] Action also asserts that there is complete diversity because it is a citizen of Alabama and Beauregard is a citizen of Louisiana. (R. Doc. 1 at 3-5).

On September 17, 2020, Beauregard filed the instant Motion to Remand. (R. Doc. 8).

---

[1] "An obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from nonperformance, defective performance, or delay in performance." La. Civ. Code art. 1994.
[2] "If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract." La. Civ. Code art. 2769.
[3] The claims in this related case, which was removed to federal court, have recently been dismissed with prejudice. *See GSD Development Co., LLC v. Action Concrete Construction, Inc. et al.*, No. 3:19-cv-159-BAJ-SDJ, ECF Nos. 35, 36 (M.D. La. Oct. 16, 2020).

2

## II.     Arguments of the Parties

In support of remand, Beauregard submits that the amount in controversy requirement is not satisfied because its "petition does not claim that its damages exceed $75,000.00" and Beauregard now "submits that its damages do not exceed $75,000.00." (R. Doc. 8-1). In support of the foregoing, Beauregard attaches a copy of a September 17, 2020 affidavit signed by G. Steven Duplechain, the sole member of GSD Investments, LLC (a member of Beauregard), stating that the claims in this action "do not exceed $75,000.00." (R. Doc. 8-2, "Duplechain Affidavit").

In opposition, Action first argues that Paragraphs 8-9 of the Duplechain Affidavit should be struck from the record because Mr. Duplechain is not a managing member of GSD and lacks personal knowledge to stipulate that the amount in controversy does not exceed $75,000. (R. Doc. 10 at 2-3). Action further argues that even if the Court considers the Duplechain Affidavit, the amount in controversy requirement is facially apparent and the post-removal stipulation does not divest the Court of subject matter jurisdiction. (R. Doc. 10 at 3-5).

In reply, Beauregard argues that the amount in controversy is not facially apparent and the Court should consider its post-removal filings in resolving the ambiguities with respect to the amount in controversy. (R. Doc. 18). Beauregard submits an "Amended Affidavit" by Mr. Duplechain signed on October 12, 2020 to support a finding that he has personal knowledge of the amount in controversy. (R. Doc. 18-1, "Duplechain Amended Affidavit"). Among other things, the Duplechain Amended Affidavit more specifically asserts that the "damages to complete and repair [Action's] work incurred by [Beauregard] on the Project are less than $75,000" and that Beauregard "does not have any provable delay damages resulting from [Action's] work." (R. Doc. 18-1).

3

In surreply, Action again asserts that it is facially apparent that the minimum jurisdictional amount is met and Beauregard's post-removal filings cannot deprive the Court of jurisdiction. (R. Doc. 19 at 1-3). Action also challenges the Duplechain Amended Affidavit as based on inadmissible facts and as an attempt to plead away the claims for delay damages in the Petition. (R. Doc. 19 at 5-6).

**III.    Law and Analysis**

    **A.    Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of

jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1). This requirement is not applicable, however, to a suit on a conventional obligation. La. Code Civ. P. art. 893(B).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

### B.     Analysis

The Court will first consider whether the amount in controversy is facially apparent. In the Petition, Beauregard specifically asserts that Action agreed to pay $147,864.50 under the Subcontract Agreement and that Beauregard made $124,468.38 in payments for allegedly deficient and incomplete work. The Petition also seeks 3 months of delay damages to Beauregard due to Action's failure to meet the agreed upon completion date. Beauregard does not, however, specifically allege the amount in damages sought with respect to Action's lack of performance

5

and delay under the Subcontract Agreement. Action makes no specific argument with respect to how the damages sought with respect to its alleged deficient performance and abandonment of the contract exceed the jurisdictional minimum.

Beauregard specifically asserts that it is entitled to "all damages" that flow from Action's breach of the Subcontract Agreement. The amount of those alleged damages, however, is not specifically identified in the Petition. (Petition ¶¶ 14, 17). The total damages sought, therefore, are not facially apparent from the Petition.

The Court will not consider extrinsic evidence of the allegations in a previous proceeding for the purposes of determining whether it is facially apparent the amount in controversy requirement is satisfied in this proceeding. The Court will, however, consider the facts in controversy submitted by the parties for the purpose of clarifying the ambiguities with respect to the amount in controversy in the Petition.

In the earlier-filed proceeding, GSD sought recovery of $73,360.00 of incurred costs to correct and complete Action's scope of work and $71,971.41 for three months of delay costs, for a total of $145,331.41 for breach of the Subcontract Agreement. *GSD Development Co., LLC v. Action Concrete Construction, Inc. et al.*, No. 3:19-cv-159-BAJ-SDJ, ECF No. 1-2 (M.D. La. Mar. 15, 2019).[4] Over one year later, Beauregard later filed this lawsuit stating that "it is entitled to all damages that flow from [Action's] breach of the [Subcontract] Agreement, pursuant to Louisiana Civil Code article 1994." (Petition ¶¶ 14, 17). The Petitions are substantially similar with respect to the alleged deficiencies and damages sought, with the exception that GSD's Petition provides specifically dollar amounts. While the Court ordinarily would find little value in a third party's position in a separate litigation, GSD specifically seeks the damages at issue in

---

[4] GDS filed its Petition in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, on or about January 25, 2019. The action was removed on March 15, 2019.

that other case – all damages that flow from [Action's] breach of the [Subcontract] Agreement. That case was pending both at the time the instant suit was filed in state court as well as at the time of removal. Given the foregoing, the Court finds the demand of $145,331.41 made by GSD in its earlier Petition clarifies the amount in controversy in Beauregard's Petition at the time of removal. Action has shown by a preponderance of the evidence that the amount in controversy is satisfied.

After removal, Beauregard submitted two affidavits by Mr. Duplechain in support of a finding that its claims do not exceed $75,000. (R. Docs. 8-2, 18-1). Notably, Mr. Duplechain served as lead attorney for GSD in the former case against Action, his name is on the signature block of the Petition, and he was certainly aware of the breach damages sought by GSD in that case. The Court may consider post-removal affidavits and stipulations for the purposes of clarifying the amount in controversy. *See*, *e.g.*, *McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (considering post-removal affidavit regarding the amount in controversy where defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

Neither of the post-removal affidavits, however, definitely states that Beauregard's claims did not exceed $75,000 at the time of removal. At most, the post-removal affidavits constitute post-removal assertions with respect to the amount in controversy and Beauregard's inability to prove certain damages. These post-removal filings, which do not contain any binding stipulations, contradict the specific amounts in breach damages sought by the GSD in its Petition

7

and later sought by Beauregard. The instant petition also specifically seeks three months of delay damages. Whether plaintiff can prove delay or any other damages remains to be seen. The post-removal affidavits, however, do not clarify the amount in controversy at the time of removal.

Finally, there is no evidence in the record that Beauregard provided Action with a binding stipulation prior to removal limiting the amount of damages sought to $75,000. Accordingly, Beauregard has not shown that it is a "legal certainty" that it will not be able to recover the jurisdictional amount by filing a binding stipulation or affidavit to that effect with their petition. *See Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *5 (E.D. La. July 10, 2013). Beauregard's non-binding post-removal stipulation does not divest the Court of subject matter jurisdiction.

## IV.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 8) be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 4, 2020.

    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**