UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BEAUREGARD QUARTERS, L.L.C.**          CIVIL ACTION

**VERSUS**

**ACTION CONCRETE**          NO. 20-00575-BAJ-RLB
**CONSTRUCTION, INC.**

## RULING AND ORDER

Before the Court is Plaintiff's **Motion to Remand to State Court. (Doc. 8).** The Motion is opposed. (Doc. 10). Plaintiff filed a Reply (Doc. 18) and Defendant filed a Sur-Reply (Doc. 19). The Magistrate Judge has issued a **Report and Recommendation,** recommending that the Court deny Plaintiff's Motion to Remand. (Doc. 21). Plaintiff objected to the Report and Recommendation. (Doc. 24).

Plaintiff filed an additional Affidavit with its Objection, wherein G. Steven Duplechain attested that as of March 2020, Duplechain determined that Plaintiff could not prove delay damages.[1] (Doc. 24-1, ¶ 11–13). Without its claim for delay damages, Plaintiff argues that it is left only with its direct damage claim of $71,971.41, which is less than the jurisdictional minimum. (Doc. 24, p. 2).

Defendant removed this matter to the Court on September 2, 2020. (Doc. 1). Because Plaintiff knew in March 2020, prior to removal, that it would be unable to prove delay damages, Plaintiff contends that it has shown with a legal certainty that

---

[1] Duplechain is the "sole member of GSD Investments, LLC (a member of [Plaintiff])." (Doc. 21, p. 4).

1

it was not entitled to recover $75,000 or more on the date of removal. (*Id.*). The Court disagrees.

Plaintiff fails to acknowledge that it filed its Petition initiating this action and asserting a claim for delay damages in July 2020, several months *after* March 2020—the date Plaintiff now contends it knew it could not prove delay damages. (*See* Doc. 1-3, ¶¶ 12–13, "Claim: Breach of Contract – Delay"). The Court reminds Plaintiff's Counsel of its duties under Federal Rule of Civil Procedure 11 and its corresponding duties under Louisiana law. If Plaintiff indeed knew that it did not have a viable claim for delay damages prior to filing its Petition, Plaintiff should not have sought delay damages in its Petition. Additionally, the Court agrees with the Magistrate Judge's analysis:

> At most, the post-removal affidavits constitute post-removal assertions with respect to the amount in controversy and [Plaintiff's] inability to prove certain damages. These post-removal filings, which do not contain any binding stipulations, contradict the specific amounts in breach damages sought by the GSD in its Petition and later sought by [Plaintiff]. The instant petition also specifically seeks three months of delay damages. Whether plaintiff can prove delay or any other damages remains to be seen. The post-removal affidavits, however, do not clarify the amount in controversy at the time of removal. Finally, there is no evidence in the record that [Plaintiff] provided [Defendant] with a binding stipulation prior to removal limiting the amount of damages sought to $75,000.

(Doc. 21, p. 8–9).

Accordingly, Plaintiff has not shown to a "legal certainty" that it will not be able to recover the jurisdictional amount by filing a binding stipulation or affidavit to that effect with its Petition. *See Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734,

2

2013 WL 3490927, at *5 (E.D. La. July 10, 2013) ("Plaintiffs have also failed to make the second showing, because Mr. Creppel failed to file any binding stipulation with his state court petition indicating that he would not seek more than $75, 000.").

Having carefully considered the underlying state court record, the instant Motion, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Doc. 8)** is **DENIED.**

Baton Rouge, Louisiana, this 14th day of May, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**